# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **DETERTORING SANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 08 C 3318 |
| | ) | |
| v. | ) | Judge George W. Lindberg |
| | ) | |
| **DETECTIVE CRUZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Detertoring Sanders, filed suit, *pro se*, against Chicago Police Detectives Cruz and Betty (Badie) and the Chicago Police Department alleging that he was subject to false arrest on November 30, 2007. On initial review, the Court dismissed Plaintiff's claims against the Chicago Police Department pursuant to 28 U.S.C. § 1915. *See* June 30, 2008, Order. Presently pending before the Court is the remaining two detective Defendants' motion for summary judgment. Defendants have raised five arguments as to why they believe they are entitled to summary judgment: 1) Plaintiff's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 2) Plaintiff's claim is barred by collateral estoppel; 3) Plaintiff's claim is barred because his arrest was made pursuant to a finding of probable cause; 4) Plaintiff has suffered no constitutional injury and is therefore not entitled to any relief; and 5) Defendants are entitled to qualified immunity. For the reasons stated herein, the motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56©; *see also Celotex Corp. v. Catrett*, 477

U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain:
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.). Despite being given this notice, Plaintiff's response to Defendants' motion is deficient. Plaintiff filed a response to the Defendants' Local Rule 56.1 statement of uncontested facts in which he attempts to dispute most of the proposed undisputed facts. However, as to statements of uncontested fact 1-4 and 14-19, Plaintiff issued no response. *See* "Plaintiff Reply to Defendant Summary Judgment" [#54].

With respect to the responses that Plaintiff did provide, they are non-responsive. For example, Defendants' proposed undisputed fact No. 8 states that on December 13, 2007, Delores Moore identified Plaintiff in a photo array and Defendant Badie issued not an arrest warrant, but an investigative alert with probable cause to arrest Plaintiff. Plaintiff's response is:

> On December 13, 2007, Doleres Moore identified Plaintiff in a photo array and Defendant Badie issued an investigative alert with probable cause to arrest Plaintiff. If the investigative alert support probable cause to arrest why the 61st and Racine officer stop me on sever occurrences and did not arrest me in till January 13, 2008. And there was a 9 x 12 poster with my face on it with a magistrate judge consent on it when these officer arrested me. To verified the 9 x 12 poster with my face on it

3

>Joe he is a business owner of Sherman Geocgery & Liquors. Located at Maquettee and Damen, Chicago, Illinois 60636.

Legal arguments and conclusions are not "facts." Additionally, Plaintiff's responses do not properly contradict Defendants' statements of uncontested fact. Also, Plaintiff's statements of fact are not supported by the record. *Dent v. Bestfoods,* No. 02 C 7922, 2003 WL 22025008, at *1 n.1 (N.D. Ill. August 27, 2003) (St. Eve, J.); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill 2000). Consequently, Plaintiff's response to Defendants' proposed undisputed facts is not in compliance with Rule 56.1(b)(3)(A). Accordingly, Defendants' proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

Because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that Plaintiff could properly testify about the matters at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. See FED. R. EVID. 602.

**UNDISPUTED FACTS**

Plaintiff, Detertoring Sanders, filed this cause of action when he was a pre-trial detainee at the Cook County Jail on June 30, 2008. (Plaintiff's complaint.) Defendants are Chicago Police Detectives. (Defs.' 56.1(a)(3), introduction). On or about November 26, 2007, Plaintiff cashed a check for $8,800.00 issued by First American Title Insurance Company at the currency exchange located at 71st and Western in Chicago, Illinois. (Defs.' 56.1(a)(3) at statements ¶¶ 5 and 6.) The teller at the currency exchange, Delores Moore, followed normal procedure, verifying that the check was valid. (*Id* at statement ¶ 5.)

On November 30, 2007, internal auditors for First American Title Insurance Company discovered that the check cashed by Plaintiff was fraudulent. (Defs.' 56.1(a)(3) statement ¶ 6.)

Defendants Cruz and Badie investigated the fraudulent check, and as part of the investigation spoke to the internal auditors at First American Title Insurance Company as well as Delores Moore, the teller who cashed the check when Plaintiff presented it. (*Id*. at ¶ 7.) Moore served as the complaining witness for Defendants' investigation. (*Id*.) On December 13, 2007, Moore identified Plaintiff in a photo array as the person who cashed the $8,800.00 check on November 26, 2007. (*Id*. at ¶ 8.) After Moore identified Plaintiff as the person who cashed the fraudulent check, Defendant Badie issued an investigative alert for his arrest. (*Id*. and *see* Defendants' record, Exhibit B, p. 4.) (*Id*. at ¶ 8.)

An investigative alert is a tool used by police to alert other police officers that an offender is wanted for a crime, if that offender happens to be stopped by other officers. (Defs.' 56.1(a)(3) statement ¶ 19.) There are two types of investigative alerts used by Chicago Police. (*See* Defendants' record, Exhibit L, p. 2.) The first type of investigative alert identifies an individual that is wanted by police investigative personnel concerning a specific crime, and while a warrant has not been issued there is probable cause for an arrest. (*Id*.) The second type of investigative alert identifies an individual that police investigative personnel seek to interview concerning a specific police matter. However, an arrest warrant for the individual has not been issued and there is no probable cause for arrest on the strength of the investigative alert alone. (*Id*.) The investigative alert that was issued as to Plaintiff by Defendant Badie on December 13, 2007 was an investigative alert with probable cause. (Defs.' 56.1(a)(3) statement ¶ 8, and *see* Defendants' record, Exhibit B, p. 4.)

On January 13, 2008, Plaintiff was loitering in an area known for gang and narcotic activity at 6627 S. Wolcott Avenue, Chicago, Illinois. (Defs.' 56.1(a)(3) statement ¶ 9.) Plaintiff was stopped by two non-defendant Chicago Police Officers Smith and Leveille, who conducted a field

interview and name check of Plaintiff. (Defs.' 56.1(a)(3) statement ¶ 10 and *see* Defendants' record, Exhibit F, p. 3.) Pursuant to the name check, the officers determined that there was an active investigative alert for deceptive practice, counterfeit check. (*See* Defendants' record, Exhibit F, p. 3.) Officers Smith and Leveille received approval of probable cause to arrest from a P.J. Fitzgerald, and arrested Plaintiff. (*Id*.)

After his arrest, Plaintiff was placed in a lineup and was identified by Delores Moore. (Defs.' 56.1(a)(3) statement ¶ 11.) After Moore identified Plaintiff as the person who cashed the fraudulent check, she signed a complaint against him. (*Id*.)

Plaintiff was charged with four criminal counts relating to his tendering the fraudulent check: 1) one count of theft, unauthorized control; 2) one count of theft, deception; 3) one count of forgery for making/altering a document; and 4) one count of forgery issuing and delivering a document. (Defs.' 56.1(a)(3) statement ¶ 12.) Plaintiff pled guilty to the first theft count and stipulated to the underlying facts of the conviction. (*Id*. at ¶ 13.) The criminal court advised Plaintiff of his rights and advised him that if he wanted to withdraw his plea and vacate the judgment he had to do so within thirty days. (*Id*. at ¶ 14.) Plaintiff was sentenced to two years incarceration, upon conviction. (*Id*. at ¶ 15.) On December 31, 2008, Plaintiff filed a motion to withdraw his guilty plea. (*Id*. at ¶ 16.) Judge Wasilewski, the judge in Plaintiff's criminal proceedings, denied Plaintiff's motion to withdraw his plea as untimely. (*Id*. at ¶ 17.) Plaintiff took no other steps to attempt to withdraw his guilty plea. (*Id*. at ¶ 18.)

## ANALYSIS

I.  **Plaintiff's False Arrest Claim is not Barred by *Heck*.**

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 plaintiff may not proceed with

a claim, if a favorable ruling "would necessarily imply the invalidity of his conviction or sentence" unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. However, *Heck* does not affect litigation about police conduct in the investigation of a crime. *Easterling v. Moeller*, 334 Fed. Appx. 22, 24 (7th Cir. 2009), *citing Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008); *see also Wallace v. Kato*, 549 U.S. 384 (2007).

The Seventh Circuit has repeatedly held that most Fourth Amendment claims can go forward despite the ruling in *Heck*. *Wallace v. City of Chicago*, 440 F. 3d 421, 426 (7th Cir. 2006). Further, because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment. *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995).

Plaintiff seeks money damages for wrongful arrest. He does not seek to collaterally attack his conviction. Defendants have established as fact that Plaintiff did not take any timely or effective steps toward withdrawing his guilty plea, (Defs.' 56.1(a)(3) statement ¶¶ 16-18), but it makes no material difference because his allegation is of a violation of his Fourth Amendment rights for false arrest.

Plaintiff was convicted following a guilty plea. Because his conviction was based on his plea, and not on any evidence that could have been illegally seized pursuant to an unlawful arrest, his conviction cannot be affected by an alleged Fourth Amendment violation. *See Easterling*, 334 Fed. Appx. at 24, *citing Haring v. Prosise*, 462 U.S. 306, 321 (1983), and *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007). Consequently, Plaintiff is not implying the invalidity of his

conviction, and his claims are not *Heck* barred.

## II. Plaintiff's False Arrest Claim is not Subject to Collateral Estoppel.

Collateral estoppel, also referred to as issue preclusion, bars the relitigation of issues already litigated and decided in a prior proceeding. *See Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). A claim is barred by the doctrine of collateral estoppel if: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom issue preclusion is invoked was represented in the prior action. *Id*.

Several elements are absent in the instant case. While Plaintiff was represented by a public defender, the issue of whether he was falsely arrested was not litigated in his criminal action, nor was there any determination on the issue that could have been essential to his judgment and conviction. In fact, Defendants seem to concede as much in their memorandum in support of their motion for summary judgment when they state: "Plaintiff had ample opportunity to bring up any issues relating to his mistaken belief, or any challenges he had to the propriety of his arrest." (Defendants' memorandum, p. 4). Defendants affirmatively argue not that it was actually litigated, but that it *could have been* litigated. Accordingly, Plaintiff is not collaterally estopped from pursuing a civil suit for false arrest.

Plaintiff was convicted based on his guilty plea. The existence of probable cause and a finding of guilt are two distinct issues. *See Reynolds* at 766. Because Plaintiff pled guilty to theft, it is tempting to say, *ex ante*, that Defendants' belief that he had committed the offense of theft must have been reasonable. However, there is no evidence that Plaintiff's guilty plea established what Defendants knew at the time of the arrest--the relevant time period for the probable cause analysis.

Further, there is no evidence in the record establishing that the issue of probable cause was

ever raised by Plaintiff in his criminal proceedings. Defendants' Exhibit F lists a chronology of events in Plaintiff's criminal proceedings leading to his plea of guilty on July 8, 2008, and beyond. There is no notation of a suppression hearing or other type of evidentiary hearing at which issues relating to the circumstances of Plaintiff's arrest were raised. Thus, Plaintiff's § 1983 claim was not definitively decided in his criminal case, as Defendants contend, and is therefore not barred by collateral estoppel.

### III.  Plaintiff was Arrested Pursuant to a Finding of Probable Cause.

It is well settled that the existence of probable cause to arrest precludes a § 1983 suit for false arrest. *See, e.g., Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *Morfin* v. *City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). Probable cause exists where the facts and circumstances known to the officer are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed. *U.S. v. Faison*, 195 F.3d 890, 893 (7th Cir. 1999).

It is an uncontested fact that Plaintiff was arrested and charged with two counts of theft and two counts of forgery pursuant to an investigative alert with probable cause. The count on which he was convicted was for theft in excess of three hundred dollars. The other counts were dismissed *nolle prosequi* by the prosecutors as part of a deal that led to Plaintiff pleading guilty to the one charge of theft.

Under Illinois statute, a person commits theft when he knowingly obtains or exerts unauthorized control over property of the owner. *See* 720 ILCS 5/16-1(a)(1). In investigating the currency exchange's allegations that Plaintiff had cashed a fraudulent check, Defendants spoke to internal auditors for First American Title Company, who confirmed that the check for $8,800.00 was fraudulent. Plaintiff was then identified by currency exchange teller Delores Moore in a photo

array as the person for whom she cashed the fraudulent check. After she identified Plaintiff in the photo array, Moore signed a complaint against him for theft, as defined under 720 ILCS 5/16-1(a)(1). Defendants therefore established that the check was fraudulent, and procured an identification from a witness that Plaintiff was the person who cashed it. The information obtained by Defendants during their investigation was sufficient to warrant a person of reasonable caution in the belief that the offense of theft had been committed by Plaintiff, supporting a finding of probable cause to arrest.

The officers who arrested Plaintiff did a name check on him, which revealed the investigative alert with probable cause to arrest. As there was probable cause to arrest Plaintiff for cashing a fraudulent check, under *Mustafa*, Plaintiff is barred from seeking damages for false arrest. Consequently, Defendants' motion for summary judgment is granted.

As Plaintiff has established no violation of his rights, he has no actionable injury. In addition, because probable cause to arrest existed at the time Plaintiff was arrested, and consequently no constitutional violation occurred, there is no need for the Court to analyze Defendants' qualified immunity argument.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [50] is granted. The Clerk is directed to enter judgment in favor of the remaining Defendants pursuant to FED. R. CIV. P. 56. The case is terminated.

Dated: July 29, 2010

_____
George W. Lindberg
United States District Court Judge